IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -3 PM 2: 25

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

JOHNNY BEARD and FRED BAKER    )
& SONS ELECTRIC, INC.,    )
    )
    Plaintiffs,    )
    )
v.    )    NO.   04-2417 B/An
    )
BENICORP INSURANCE CO.,    )
    )
    Defendant.    )

---

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND IN PLAINTIFFS' AMENDED COMPLAINT

---

Before the Court is Defendant's Motion to Strike Jury Demand in Plaintiffs' Amended Complaint filed on May 16, 2005. United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for determination. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiffs filed this claim against Defendant Benicorp Insurance Co. ("Benicorp" or "Defendant") alleging that Defendant denied claims for benefits that Plaintiff Johnny Beard ("Beard") submitted under the employee welfare benefit plan that Plaintiff Fred Baker & Sons Electric Inc. ("Baker & Sons") sponsored (the "Plan"). Plaintiffs allege that Beard was covered by a group health insurance policy issued under the Plan and purchased from Defendant. Specifically, Plaintiffs allege that after Beard sustained a fractured hip, Defendant denied Beard's

1

claim for payment of his medical expenses. After Defendant denied his claim, Plaintiffs sued Benicorp for payment of the medical expenses, or $47,661.90. Plaintiffs demanded a jury trial.

After receiving permission from the Court, Plaintiffs filed an Amended Complaint on April 18, 2005. In their Amended Complaint, Plaintiffs allege two separate Counts against Defendant. First, in Count I, Plaintiffs allege that Beard is entitled to recover benefits owed under the Plan for the injuries he sustained. Second, in Count II, Plaintiffs allege that "[t]here was a contractual relationship between Defendant and Plaintiff, Johnny Beard, and as a result, Plaintiff, Johnny Beard, was entitled to notice of any non-payment of the insurance premium necessary to maintain the medical benefit plan." (Reply Brief in Supp. of Mot. to Strike Jury Demand, at 4).

Plaintiffs responded to the Motion on June 6, 2005. In their Response, Plaintiffs rely on a single, unpublished case from the Middle District of Tennessee. Plaintiffs do not argue that ERISA entitles Plaintiffs to a jury trial; instead, Plaintiffs argue that Count II of the Amended Complaint, which encompasses the notice claim, affords Plaintiffs the right to a jury trial.

## ANALYSIS

"Congress Enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions and ready access to the Federal courts.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) (quoting 29 U.S.C. § 1001(b)). Because ERISA's purpose is to provide a uniform regulatory system for handling employee benefit plans, Congress made sure to include "expansive pre-emption provisions" within ERISA. *Id.* (citing 29 U.S.C. § 1144). As such, the United States Supreme Court has

2

held that ERISA should be "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981).

When enacting ERISA, Congress intended to create a federal system for regulating employee benefit plans; therefore, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *See Davila*, 542 U.S. at 200. Moreover, the Supreme Court has "held that state common law causes of action asserting improper processing of a claim for benefits" are pre-empted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 (1987). Only a "law of any State which regulates insurance, banking or securities" is exempted for ERISA pre-emption. 29 U.S.C. § 1144(b)(2)(A). Also known as the savings clause, 29 U.S.C. § 1144(b)(2)(A) is narrow in scope.

Because courts struggled to determine when a law regulated the insurance industry, the Supreme Court recently created a two-step test for courts to apply. *See Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003). Writing for the majority, Justice Scalia first instructed courts to find that "the state law must be specifically directed toward entities engaged in insurance." *Id.* at 342. Justice Scalia then added that the Court must also find that "the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Id.* If the law does not pass both prongs of the *Miller* test, the law is pre-empted by ERISA.

In this case, the parties do not dispute that Count I of Plaintiffs' Amended Complaint, which seeks to recover benefits under the Plan, is covered under ERISA. The parties also do not dispute that ERISA does not provide for the right to a trial by jury. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 260 (1993); *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096-97 (6th

Cir. 1990). Therefore, the Court must only determine whether Count II of Plaintiffs' Amended Complaint, which seeks to penalize Defendant for not notifying Beard of his non-payment of the insurance premium, is saved by the savings clause and therefore entitles Plaintiffs to a trial by jury. After review, the Court concludes that Plaintiffs' notification claim is not saved by the savings clause; therefore, Plaintiffs are not entitled to a trial by jury.

Plaintiffs have supplied the Court with a single report and recommendation from a United States Magistrate Judge in the Middle District of Tennessee in support of their position that Count II entitles Plaintiffs to a jury trial. *See Seals v. Health & Welfare Plan for Employees & Dependents of Harbour, Inc.*, No. 3:90-0463, 1991 U.S. Dist. LEXIS 18020 (M.D. Tenn. July 15, 2001). In his report and recommendation, Magistrate Judge William J. Haynes, Jr. examined whether the plaintiff's notification claim should be pre-empted by ERISA. Looking at various Tennessee state court cases, Judge Haynes found that an employee is entitled to notice of cancellation of a group policy because the employee holds a "special contract" with the insurer. *See id.* at *45. "Tennessee insurance law imposes a duty on the insurer to notify the employee of any cancellation of coverage." *Id.* at *48. Because Tennessee requires notification to the insured, Judge Haynes found that Tennessee common law regulates the insurance industry; therefore, a notice claim is not pre-empted by ERISA. *See id.*

After review, the Undersigned finds that the *Seals* case is not persuasive. Following the *Miller* test, the Court must first ask whether the state law is specifically directed toward entities engaged in insurance. Plaintiffs have provided the Court with only the report and recommendation from Judge Hayens, which finds that Tennessee common law affords the insured the right to be notified by the insurer. Plaintiffs have not provided the Court with a

4

specific Tennessee statute dealing with notification laws for the insurance industry. Without a specific statute, the Court is simply not convinced that the Tennessee General Assembly intended to specifically regulate the insurance industry. Therefore, the *Miller* test has not been met.

Furthermore, even if the notification provision discussed by Judge Haynes is considered by the Court, the Court still concludes that Count II of the Amended Complaint is not saved by the savings clause. The savings clause is narrow in scope, and the pre-emption provision of ERISA is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). When applying the two-step *Miller* test to the notification provision, the Court concludes that the notification provision relied upon by Plaintiffs does not "substantially affect the risk pooling arrangement between the insured and insurer." Multiple courts have held that risk pooling under an insurance policy occurs when the policy is issued, not when the insured submits his or her claim. *See, e.g., Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 130 (1982); *Davies v. Centennial Life Ins. Co.*, 128 F.3d 934, 941 (6th Cir. 1997); *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562 (11th Cir. 1994). For example, *Smith v. Jefferson Pilot Life Insurance Co.* addressed a notification statute in Georgia. *Smith* held notification laws do not affect the risk pooling arrangement between the insured and insurer. *See Smith*, 14 F.3d at 570. *Smith* instead noted that "ERISA is designed . . . to provide uniformity in the administration of benefit plans for the protection of plan participants." *Id.* Therefore, following *Smith*, the Court concludes that Count II is not saved by the savings clause.

For these reasons, the Court concludes that Count II of the Amended Complaint does not involve a state law that is specifically directed toward regulating the insurance industry. Because

Count II is not saved by the savings clause, Count II is pre-empted by ERISA. Therefore, Plaintiffs are not entitled to a trial by jury, and the Motion to Strike Jury Demand is **GRANTED**.

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 03, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 76 in case 2:04-CV-02417 was distributed by fax, mail, or direct printing on August 3, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Andrew W. Hull
HOOVER HULL BAKER & HEATH, LLP
111 Monument Circle
Ste. 4400
Indianapolis, IN 46204--098

Gregory C. Brubaker
HOOVER HULL BAKER & HEATH, LLP
111 Monument Circle
Ste. 4400
Indianapolis, IN 46204--098

Johnny Beard
3641 Millington St.
Memphis, TN 38127

James S. Strickland
KUSTOFF & STRICKLAND
44 N. Second St.
Ste. 502
Memphis, TN 38103

John Morris Russell
LAWRENCE & RUSSELL
5050 Poplar Ave.
Ste. 1717
Memphis, TN 38157

Alice M. Morical
HOOVER HULL BAKER & HEATH, LLP
111 Monument Circle
Ste. 4400
Indianapolis, IN 46204--098

Honorable J. Breen
US DISTRICT COURT